**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| NIKIA JOHNSON | § | |
| Plaintiff, | § | |
| | § | C.A.:  4:16-CV-3437 |
| v. | § | |
| | § | |
| FORT BEND COUNTY, | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Nikia Johnson ("Johnson" or "Plaintiff") files her Original Complaint complaining of discrimination by Defendant Fort Bend County:

### I.
### PARTIES

1.      Nikia Johnson is an individual residing in Fort Bend County.  She formerly worked for Fort Bend County where her causes of action accrued.

2.      Fort Bend County ("Defendant") is a Texas county located in the Southern District of Texas Houston Division which may be served through its registered agent County Judge Robert Hebert at 401 Jackson St., Richmond, Texas 77469.[1]

### II.
### JURISDICTION AND VENUE

3.      Jurisdiction is proper in this court because federal questions are involved in this case.

4.      Venue is proper in the Houston Division of the Southern District of Texas, because Plaintiff worked primarily in Fort Bend County when her causes of action accrued.

---

[1] Service in this manner is pursuant to TEX. CIV PRAC & REM CODE § 17.024(A).

1

**III.**
**FACTS**

**§ 1983 CLAIM**

5.      Plaintiff Nikia Johnson started working for Fort Bend County as a juvenile detention officer in August of 2011.

6.      Starting in August of 2014, she also was a parent of as many as 5 foster children.

**A.      Johnson's Foster Parenting Comes To Light.**

7.      In February 2016, Johnson was approached by a placement agency about adopting a child that had run away from a foster home and that was currently being held in the juvenile detention system, because he had no place to go.

8.      Johnson rejected the placement, because of concerns about the child on two occasions.

9.      Johnson was persuaded by another employee of Fort Bend County's juvenile system, Michael Burrows, to take the child.  She disclosed to Michael Burrows that she was also an employee of the Fort Bend juvenile system at the time of her conversation.

**B.      Initial Investigation Determines Foster Parenting Is Not A Business**.

10.      Upon information and belief Michael Burrows told a supervisor of Johnson's that he was concerned her being a foster parent may pose a conflict of interest.

11.      An investigation was conducted of whether Johnson's activities constituted a business that could have a conflict of interest.

12.      The investigation initially determined that there could be no conflict of interest, because Johnson was not paid wages for being a foster parent, and only reimbursed for expenses related to being a foster parent.

**C.      Discriminatory Concerns are Raised.**

13.     Once it was determined the activities did not constitute a business, supervisors of the juvenile system began fabricating potential conflicts of interest that could arise because Johnson was a foster parent.

14.     One of the employees assigned to investigate the matter raised the issue of what happens if a foster child ends up in the juvenile justice system.  When Johnson responded that it would be the same thing as when a biological child of a juvenile department employee ended up in the juvenile system, the employee responded that biological children were different.

15.     The investigating employees also raised the issue of potential negative media coverage of Johnson's parenting of foster kids as a risk to the Department.

**D.      Fort Bend County Violates the US Constitution By Giving Johnson An Ultimatum To Choose Her Foster Kids or Her Job.**

16.     Ultimately, Fort Bend County violated Johnson's constitutional rights by giving Johnson a choice between being a foster parent or continuing to work in her job.  Johnson refused to give up her remaining foster children and was fired in February of 2016.

17.     Johnson's right to associate with foster children is constitutionally protected under the First Amendment of the Constitution as freedom of association.

18.     Johnson's right to have relationships with foster children is further protected under the substantive due process clause of the 14th Amendment.

19.     Fort Bend County cannot constitutionally enforce a policy that prohibits its employees from caring for foster children in their homes during their personal time.

20.     The Supreme Court in *Moore v. City of East Cleveland*, 431 U.S 494 (1977) clearly held that the state cannot constitutionally impinge on the rights of a person to live with a non-traditional family by passing a zoning ordinance that prohibited a grandmother from living

with two of her grandchildren.  Fort Bend County's choice to prohibit Johnson from having a relationship with foster children in her home likewise violates the Constitution.

21.     Fort Bend County is not an authoritarian government entity like China that can prohibit individuals from having more than one child or foster child because its actions as an employer are directly regulated by the Constitution of the United States and § 1983 under which Ms. Johnson is seeking relief.

22.     Ms. Johnson also has claims before the EEOC where the administrative process has not been completed and intends to amend her Complaint at a later time to assert those allegations.

**IV.**
**CAUSES OF ACTION**

***VIOLATION OF § 1983***

23.     Plaintiff incorporates by reference all prior paragraphs, as if fully set forth herein.

24.     Defendant harassed and discriminated against Plaintiff in derogation of her constitutional rights, because of her foster parent relationship.

25.     The U.S. constitution protects the right of association of persons with biological or non-biological children of their choosing.

26.     Defendant is a governmental entity that can be held liable for violations of the U.S. Constitution under § 1983.

**V.**
**DAMAGES AND ATTORNEYS' FEES**

27.     Plaintiff incorporates by reference all prior paragraphs, as if fully set forth herein.

28.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer damages including, but not limited to mental anguish, lost wages, and lost earning capacity.

29.     Defendant's wrongful conduct has made it necessary for Plaintiff to retain the undersigned attorneys to represent her in bringing and prosecuting this action, and, if necessary, for legal representation on appeal.  Plaintiff therefore seeks recovery of all reasonable attorneys' fees and costs pursuant to § 1983.

## VI.
## JURY DEMAND

30.     Plaintiff demands a trial by jury and is paying the appropriate jury fee contemporaneously with the filing of this complaint.

## VII.
## PRAYER

31.     Plaintiff prays that Defendant be cited to appear and answer in this suit and that, upon final trial, she be awarded all damages allowed by law, including actual damages, non-pecuniary damages, attorneys' fees, costs of court, pre- and post-judgment interest at the maximum lawful rate, and all other relief to which she may be entitled.

Respectfully submitted,

/s/  Hessam Parzivand

_____

**Hessam Parzivand**
TBA #24071157
**The Parzivand Law Firm, PLLC**
10701 Corporate Drive
Suite 185
Stafford, Texas 77477
T: [832] 349-1776
F: [832] 602-2721
HP@parzfirm.com

**ATTORNEY FOR PLAINTIFF,
NIKIA JOHNSON**